IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASCADES PUBLISHING INNOVATION, LLC, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. 1:15-cv-5809 |
| vs. | ) ) | |
| CCH, a Wolters Kluwer Business, | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Cascades Publishing Innovation LLC complains of defendant CCH, a Wolters Kluwer Business, for infringement of three United States Patents:

## PARTIES, JURISDICTION AND VENUE

1.     This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §271. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §1338(a).

2.     Cascades Publishing Innovation LLC is a limited liability company established under the laws of Illinois, having its principal place of business at 500 Skokie Boulevard, Suite 250, Northbrook, Illinois 60062. Cascades is the exclusive licensee and has standing to sue for infringement of United States Patents No. 8,386,484 B2, 8,972,846 B2, and 8,983,955 B2. The patents are Exhibits A, B and C to this complaint. TimeBase Pty Ltd. is the patent owner, developed the patented technology, and has a financial interest in the outcome of this litigation.

3.     According to http://support.cch.com/mail/, CCH has a corporate office at 2700 Lake Cook Road, Riverwoods, Illinois, 60015. According to the same site, CCH has another office at 4205 West Peterson Avenue, Chicago, Illinois, 60646. Through its Intelliconnect

services, CCH provides legal research products and services nationwide and in this judicial

district.

4.      CCH has used, sold or offered to sell products and services that infringe the

patents within this judicial district, and has advertised the sale of such products and services in

this judicial district, including its Intelliconnect service. CCH is therefore subject to personal

jurisdiction in this district.

5.      Venue is proper in this district under 28 U.S.C. §§1391(d) and 1400(b).

6.      The exhibits to this Complaint are:

A -- United States Patent No. 8,386,484 B2;

B -- United States Patent No. 8,972,846 B2;

C -- United States Patent No. 8,983,955 B2;

D -- A claim chart applying claim 1 of the 484 patent to CCH's Intelliconnect;

E -- A claim chart applying claim 1 of the 846 patent to CCH's Intelliconnect; and

F -- A claim chart applying claim 1 of the 955 patent to CCH's Intelliconnect.

Additional claims are likely to apply with respect to each patent.

### FIRST CLAIM FOR RELIEF - INFRINGEMENT OF THE 484 PATENT

7.      CCH has infringed the 484 patent at least by making, using, importing, selling or

offering to sell products and services that fall within the scope of at least claim 1 of the 484

patent. Exhibit D to this complaint is a table describing the infringement of claim 1 of the 484

patent by the Intelliconnect service.

8.      The Intelliconnect service publishes electronic data. In other words, it makes

information in the form of text available to subscribers using a computer and browser. See row 1

of Exhibit D.

9. The information provided includes text-based data. See rows 1, 2 and 3 of Exhibit D.

10. Intelliconnect provides service to a browser user over the Internet. It is therefore available to subscribers online and via the Internet. See row 1 of Exhibit D.

11. Intelliconnect employs computerized databases where textual information is stored. See rows 2, 3, 4 and 5 of Exhibit D.

12. The databases store text data in organized, structured databases. See rows 5 and 6 of Exhibit D.

13. Intelliconnect uses versions of text-based documents. See rows 2, 3, 5 and 6 of Exhibit D.

14. Intelliconnect stores different versions of statutory sections for selected statutes. If a section is amended, both the original and amended versions are stored. Both are available to subscribers. For example, Intelliconnect stores unamended and amended versions of Section 181, entitled "Treatment of Certain Qualified Film and Television Productions," of the Internal Revenue Code in the CCH Standard Federal Tax Reporter. The versions are stored in a structured database. See rows 2, 3, 4 and 5 of Exhibit D.

15. Versions can be organized in the database by, for example, date, section title, section number, and jurisdiction. For example, a subscriber can locate a desired version of Section 181 for the time period in which versions are available. Intelliconnect shows the desired versions of sections carrying the number "181." A subscriber can click on the section of interest and see its text. See rows 6, 7, 8, 9, 10 and 11 of Exhibit D.

16. The various ways a version can be organized in a database, for example, date, title, section number, and so forth, are attributes of the version. One or more attributes can be used to search the database for a version of interest. See rows 6, 7, 8, 9, 10 and 11 of Exhibit D.

17.     Representatives of TimeBase Pty Ltd., the owner of the patents, exchanged information and met with, representatives of CCH in 2004 to 2006. TimeBase provided technical details regarding the technology used in the 484 patent. TimeBase representatives met or communicated with CCH representatives, John Barker, Marty Bush, Michael Antic, and Beth Micksch. Various TimeBase patents and patent applications were identified to CCH beginning in July, 2004. A non-disclosure agreement was executed at about the same time. CCH personnel were given online access to TimeBase services. TimeBase representatives also met or communicated with a CCH European team including Michele Come, Guy van Peel, Sabine Rubens, Antonio Barroso, Angel Sancho-Ferrer, Paul Jensen, and possibly Ivan Harre. TimeBase responded to various technical questions.

18.     TimeBase entered into an Exclusive License Agreement with Cascades in January 2012, transferring all substantial rights in the patents to Cascades. Cascades notified CCH of its infringement of the 484 patent in a letter to Ms. Karen Abramson, President and Chief Executive Officer of CCH, sent on April 2, 2013. Cascades sent another letter to Ms. Abramson on September 16, 2013. Cascades did not receive any response from Ms. Abramson. On October 13, 2013, an attorney for CCH wrote: "We are reviewing the issues raised in your letters to CCH regarding Cascades Publishing and the TimeBase patents, and will revert to you once our review is complete." On October 14, 2013, Cascades responded and offered to provide copies of documents and to confer. On March 3, 2014, Cascades inquired about CCH's position. On March 5, 2014, CCH's attorney responded that "Due to the large amount of information that was cited to the patent office during prosecution, our investigation is still ongoing. We intend to follow up with you in the near future." Further contacts in 2015 regarding the 484, 846, and 955 patents were unsuccessful. The delay is unreasonable, and prejudicial to Cascades. The infringement is willful as well.

19.     CCH's acts of infringement have injured Cascades, and it is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

20.     The infringement by CCH has injured and will continue to injure Cascades unless and until the infringement is enjoined.

## SECOND CLAIM FOR RELIEF - INFRINGEMENT OF THE 846 PATENT

21.     CCH has infringed the 846 patent at least by making, using, importing, selling or offering to sell products and services that fall within the scope of at least claim 1 of the 846 patent. Exhibit E to this complaint is a table describing the infringement of claim 1 of the 846 patent by the Intelliconnect service.

22.     The Intelliconnect service publishes electronic data. In other words, it makes information in the form of text available to subscribers using a computer and browser. See slide 1.1.2 of Exhibit E.

23.     The Intelliconnect service uses a multidimensional space that is capable of more than three dimensions. See slides 1.1.1 and 1.1.3 of Exhibit E. A database is one form of multidimensional space. Slide 1.1.3 shows six dimensions in Intelliconnect: hierarchy/sequence, version, reports, regulations, explanations and annotations.

24.     The information provided includes text-based data. See slide 1.2.1 of Exhibit E.

25.     The text-based data in Intelliconnect includes predefined portions, for example, a section of a statute or the Standard Federal Tax Reporter. See slides 1.2.2 and 1.2.3 of Exhibit E.

26.     The text-based data in Intelliconnect includes at least one predefined portion that has been modified. See slides 1.2.4 and 1.2.5 of Exhibit E.

27.     Intelliconnect can display at least one portion in a first display region on a computer. See slides 1.3 and 1.3.1 of Exhibit E.

28.     The displayed portion has at least one link. For example, the Standard Federal Tax Reporter "Sec. 1 Tax Imposed [On Individuals]" is linked to various sections of the Internal Revenue Code. See slides 1.4 and 1.4.1 of Exhibit E. Other links also exist. *Id.*

29.     Portions of text-based data are stored, for example, both the old 2009 version and the newer 2015 version of the Standard Federal Tax Reporter "Sec. 1 Tax Imposed [On Individuals]" are saved. See slides 1.5 and 1.5.1 of Exhibit E.

30.     Predefined portions are points on a given axis of the multidimensional space. For example, the hierarchy/section axis has points that are sections. See slides 1.6 to 1.6.2 of Exhibit E.

31.     Intelliconnect enables movement between two different predefined portions. For example, if an "IRC" link is selected, related sections including sections of the Internal Revenue Code are displayed. See slide 1.7.3 of Exhibit E. The movement can be on the first axis or a second axis. See slides 1.7 to 1.7.8 of Exhibit E.

32.     Intelliconnect displays the point moved to on the axis. For example, see slides 1.7.1 and 1.8.1 of Exhibit E. One can move from a newer version of a section to an older version. See the 2015 and 2009 sections on slide 1.8.2 of Exhibit E.

33.     A predefined portion is selected based on its usability and structure, for example a section of the Standard Federal Tax Reporter as shown in slide 1.9.1 of Exhibit E.

34.     CCH's acts of infringement have injured Cascades, and it is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

35.     The infringement by CCH has injured and will continue to injure Cascades unless and until the infringement is enjoined.

36.     Paragraphs 1 to 5 and 17 to 18 are adopted by reference.

## THIRD CLAIM FOR RELIEF - INFRINGEMENT OF THE 955 PATENT

37.     CCH has infringed the 955 patent at least by making, using, importing, selling or offering to sell products and services that fall within the scope of at least claim 1 of the 955 patent. Exhibit F to this complaint is a table describing the infringement of claim 1 of the 955 patent by the Intelliconnect service.

38.     Intelliconnect is readable on a computer. See slides 1.1 and 1.1.1 of Exhibit F.

39.     Intelliconnect has portions of text, for example, sections of the Standard Federal Tax Reporter. See slides 1.2 to 1.2.3 of Exhibit F.

40.     At least one modified portion is stored by Intelliconnect, for example, a newer 2015 version of the Standard Federal Tax Reporter "Sec. 1 Tax Imposed [On Individuals]. See slides 1.3 to 1.3.2. The modified portion (the 2009 version of the section of the Reporter) is stored. *Id.*

41.     Intelliconnect uses links comprising hypertext markup language. A portion is associated with at least one link. See slides 1.4 to 1.4.2 of Exhibit F.

42.     A user can move from one portion to another, for example, from the 2009 version of a section in the Reporter to the newer 2015 version of that section. See slide 1.4.2 and 1.4.3 of Exhibit F.

43.     Intelliconnect has attributes, including for example, hierarchy/sequence, version, reports, regulations, explanations and annotations. See slide 1.5.2 of Exhibit F.

44.     The attributes are used to organize portions on axes of a multidimensional space, for example, in a database. See slides 1.5 and 1.5.1 of Exhibit F. For example, the 2009 version of "Sec. 1 Tax Imposed [On Individuals] has section and version as attributes. See slide 1.5.3 of Exhibit E.

45.     CCH's acts of infringement have injured Cascades, and it is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

46.     The infringement by CCH has injured and will continue to injure Cascades unless and until the infringement is enjoined.

47.     Paragraphs 1 to 5 and 17 to 18 are adopted by reference.

## DEMAND FOR RELIEF

Cascades respectfully demands judgment against CCH and its subsidiaries and affiliates as follows:

A.     An award of damages adequate to compensate Cascades for the infringement that has occurred, together with prejudgment interest from the date infringement of each the patents began and through the lifetime of the patents;

B.     Any other damages permitted, including any for willful infringement, under 35 U.S.C. § 284;

C.     A finding that this case is exceptional and an award to Cascades of its attorneys' fees and expenses as provided by 35 U.S.C. § 285;

D.     An injunction permanently prohibiting CCH and all persons in active concert or participation with it, from further acts of infringement of each of the patents; and

E.     Such other and further relief as this Court or a jury may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ *Joseph N. Hosteny*
Joseph N. Hosteny
Arthur A. Gasey
Niro, Haller & Niro
181 West Madison Street, Ste. 4600
Chicago, IL 60602
Phone: 312-236-0733
Fax: 312-236-3137
jhosteny@hosteny.com
gasey@nshn.com

Attorneys for Cascades Publishing Innovation LLC